## Removal of Supervisors of West Salem Township.

McLAUGHRY, P. J., Jan. 14, 1928.—Twenty-five or more citizens of West Salem Township presented a petition to the court, under the provisions of the Township Code of July 14, 1917, P. L. 840, setting forth that the supervisors of said township had failed to maintain the public roads and highways of said township in accordance with the law. The prayer of the petition was that the court appoint three disinterested persons to examine the highways and report to the court their findings in accordance with the provisions of the act of assembly, and that the supervisors be removed from office and their office be declared vacant.

The petition set forth at length a number of roads in the township where it was alleged the supervisors had failed to give proper attention, and also set forth that the supervisors had been given notice numerous times to repair the said roads.

Upon presentation of the petition, the court appointed three persons taken from the board of viewers of the county to examine and report to the court their findings. This action was brought under that part of the Township Code as follows:

"Section 192. If any township officer in any township of the first or second class refuses or neglects to perform his duties, the Court of Quarter Sessions, upon complaint in writing by twenty-five citizens, owners of real estate residing in the township or district, may issue a rule upon such officer to show cause why his office should not be declared vacant and another appointed in his stead. Such rule shall be made returnable not less than two weeks from its date of issue. Upon hearing and proof that the facts alleged in the complaint are true, the court may declare the office vacant and appoint another in his stead, to hold office during the term of the officer deposed.

"Section 193. If such complaint shall allege that the public roads and highways of any township are not maintained in accordance with law, the

court may appoint three persons who shall examine said highways and report to the court their findings. In all such cases, the complainants shall first enter security, in such sum as the court may fix, to pay all costs."

It appears that the order of court appointing the persons to examine the roads was made on April 18, 1927, and, after due notice was given, a view was held on May 13, 1927. It appears from the report that, between the time the court appointed the viewers and the date set for the view, the supervisors improved many of the roads named in the petition. It was, therefore, not possible for them to make a report setting forth the condition at the time the petition was presented, and a hearing was held and testimony taken from a number of witnesses.

The viewers in the report make the following conclusion: "The viewers also found from their inspection of the township roads in West Salem Township that the said township roads, as a whole, with ditches and bridges, are not noticeably either worse or better than those usually to be found in the other townships of Mercer County."

The viewers also found the following fact: "That the supervisors repaired, or caused to be repaired, the roads referred to in items 6, 9, 10, 11, 12 and 13 after the filing of the petition and appointment of the viewers in this case and before the date set for the view; and the viewers were not able to see the condition complained of."

The viewers also found as a fact: "That the supervisors of West Salem Township worked on and improved the roads complained of during the two weeks preceding the view and up to within two days of the view, and the viewers were not able to see the condition of the roads complained of."

Inasmuch as the viewers have reported that at the time they examined the roads they were in a reasonably fair condition, we do not feel justified in vacating the office of supervisors in West Salem Township as under the authority given to the court in the act of assembly. Under the laws of Pennsylvania, any person who is placed on a board of supervisors must keep the roads in reasonable condition, or he is liable to dismissal or punishment. The law is that the roads must be kept in reasonable condition, and the responsibility for doing this is placed upon the supervisors. Complaints are constantly being made to the district attorney and to the court, and we fully appreciate that the supervisors do not realize the responsibility placed upon them and what the law may require in case of their failure to perform their duties. The testimony shows that on numerous occasions the supervisors of West Salem Township had been notified of the conditions in different localities, but had given very little attention to them until after certain citizens of that township had presented a petition to the court, under the Act of Assembly of 1917, and viewers had been appointed to examine the roads. Between that time and the day set for the view, the condition of the roads was changed by improvements such as should have been made prior to that time. The viewers were unable to determine whether the facts set forth in the petition were true without taking testimony, and this made additional cost.

We feel satisfied from the testimony, which we have examined carefully, that the petitioners had some justification at the time they presented the petition, but we are not convinced that we should grant the prayer of the petitioners and declare the office vacant. We do feel, however, that, inasmuch as the supervisors were to some extent negligent in the performance of their duties, and they were responsible for most of the cost in the case, they should pay the costs.

*Order.*—And now, Jan. 14, 1928, after arguments of counsel and an examination of the report of the viewers and the testimony taken before them, the rule to declare vacant the office of supervisors in West Salem Township is discharged, and the supervisors, Herman Melvin, Ralph Mowry and William Mathay, shall pay the costs, $175.

From W. G. Barker, Mercer, Pa.